1  GIRARDI | KEESE
   John A. Girardi (SBN 54917)
2  jgirardi@girardikeese.com
   1126 Wilshire Boulevard
3  Los Angeles, California 90017
   Tel:   (213) 977-0211
4  Fax:   (213) 481-1554

5  Counsel for Plaintiff JOHN STEWART

6

   Rebecca A. Womeldorf (admitted *pro hac vice)*
7   (rwomeldorf@hollingsworthllp.com)
   HOLLINGSWORTH LLP
8  1350 I Street, NW
   Washington, D.C. 20005
9  Telephone: (202) 898-5800
   Facsimile: (202) 682-1639
10
   James A. Bruen (State Bar No. 43880)
11 (jbruen@fbm.com)
   Sandra A. Edwards (State Bar No. 154578)
12 (sedwards@fbm.com)
   FARELLA BRAUN & MARTEL LLP
13 235 Montgomery Street, 17th Floor
   San Francisco, CA  94104
14 Telephone:  (415) 954-4400
   Facsimile:  (415) 954-4480
15
   Attorneys for Defendant
16 NOVARTIS PHARMACEUTICALS CORPORATION

17
                        UNITED STATES DISTRICT COURT
18
                        EASTERN DISTRICT OF CALIFORNIA
19

20

21 | JOHN STEWART, | CASE NO: 1:12-cv-00221-AWI-DLB |
   |---|---|
   | Plaintiff, | **ORDER REGARDING JOINT SCHEDULING REPORT REGARDING DISCOVERY MEET AND CONFER** |
   | vs. | |
   | NOVARTIS PHARMACEUTICALS CORPORATION, | Date:       August 22, 2012<br>Time:       9:30 a.m.<br>Courtroom: 9<br>Judge:      The Hon. Dennis L. Beck |
   | Defendant. | |
   | | Complaint filed: April 13, 2011 |

28

Following the Joint Discovery Conference between plaintiff John Stewart ("plaintiff") and defendant Novartis Pharmaceuticals Corporation ("NPC") on August 22, 2012, before this Court, it is HEREBY ORDERED:

**DISCOVERY PLAN:**

To the extent the parties' prior agreements regarding discovery are memorialized in the Joint Scheduling Report [Docket No. 36] and/or the Joint Discovery Report [Docket 43], and/or to the extent certain discovery issues were the subject of this Court's prior Scheduling Order [Docket 39], this Order does not alter those agreements or that Order.

### A. Initial Disclosures

If a responding party fails to timely serve a fact sheet, or serves a fact sheet that is timely but not complete in all material aspects, this Court declines NPC's request that the issuing party be allowed to seek an Order to Show Cause within fifteen days after service of a deficiency letter. Instead, the Court will permit the issuing party to file the appropriate discovery motion regarding any outstanding deficiencies.

### B. Subjects on Which Discovery May Be Needed

Discovery will be bifurcated between liability and damages, so that if there are witnesses who are anticipated to testify solely on damages related issues, those depositions will proceed after dispositive motions have been heard and ruled upon.

### C. Changes to Limitations on Discovery

To the extent plaintiff wishes to propound written discovery upon NPC, the parties shall first meet and confer. If following that meet-and-confer the parties cannot reach an agreement, the parties may involve the Court. The Court further orders that each party is limited to conducting ten (10) non-party depositions. If a party believes that further depositions are needed, the parties shall meet and confer. If following that meet-and-confer the parties are unable to reach an agreement, the parties may involve the Court.

#### 1. Ex Parte Contacts

The Court declines plaintiff's request to enter an order barring NPC from having ex parte contacts with treating physicians or health care providers. The Court suggests that to the extent

1  NPC believes substantive contact with treating physicians or health care providers are necessary,
2  that such contacts occur with both parties' participation.

IT IS SO ORDERED.

Dated:   **October 9, 2012**               /s/ *Dennis L. Beck*
                                           UNITED STATES MAGISTRATE JUDGE